THIRD DEPARTMENT, SEPTEMBER, 2012

(September 6, 2012)

██ In the Matter of HAMMOND J. BRISCOE III, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [950 NYS2d 488]—

Per Curiam. Respondent was admitted to practice by this Court in 1984. He was subsequently admitted in Maryland in 1985 and practiced law in that state.

By order dated February 10, 2000, the Court of Appeals of Maryland disbarred respondent after he defaulted on charges that he engaged in professional misconduct, which included practicing law when unauthorized to do so, cashing checks from settlements for clients at a time when he did not maintain a trust account and failing to make the appropriate disbursements from those settlements, failing to produce records of disbursements, failing to refund fees when required to do so, entering into a contingency fee arrangement but not reducing the same to writing and consistently failing to cooperate with the Attorney Grievance Commission of Maryland.

As a result of the discipline imposed in Maryland, petitioner moves for an order imposing discipline pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent has filed an affidavit

in response which we conclude does not establish any of the available defenses to the imposition of discipline (*see* 22 NYCRR 806.19 [d]).

In view of the above, we grant petitioner's motion and further conclude that, under the circumstances presented and in the interest of justice, respondent should be disbarred in this state.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).